Public Utilities Commission,
No. 4413.

### PETITION OF FRYEBURG WATER COMPANY.

Argued June 7, 1955.

Decided June 30, 1955.

*Hastings & Son* (of Maine) (*Mr. David R. Hastings, II* orally), for the company petitioner.

*L. Hamlin Greene* (by brief and orally), for the New Hampshire consumers.

GOODNOW, J.   The basis upon which the Commission denied an increase in rates as to New Hampshire consumers was apparently the fact that the new source of supply was needed "to give adequate service to the Fryeburg consumers"; that "no rate increase would have been needed if the Ward Hill Spring had not been developed for the benefit of the Fryeburg customers"; and that since the new source was not required in order to adequately supply the New Hampshire consumers, no "material benefits [accrued] to [them] from this added investment."   It is the company's position that the Commission's failure to consider the expense of adequately supplying the needs of the whole system as a unit was error and that the case should be remanded.   With this contention we must agree.

The unit normally considered for rate making purposes, even when a utility does business in two or more states and is subject to regulation in each state, is the entire interconnected operating property of the utility without regard to particular groups of

consumers or geographical subdivisions. *Leeman* v. *Commission*, 104 F. Supp. 553, 560; *Wabash Valley Electric Co.* v. *Young*, 287 U. S. 488, 497. Although conditions may be such in a particular case as to require or permit the consideration of a smaller unit (*American Bridge Co.* v. *Commission*, 307 U. S. 486, 494), no such conditions appear to exist in this case.

The water system in question is a single interconnected line through which consumers in two separate communities have been supplied from the same sources since 1882. All of the company's New Hampshire customers are geographically located nearest the reservoir from which the supply formerly flowed and were adequately supplied from that source. The customers in Maine, located a mile farther from the source, were subject to the first demands of the New Hampshire customers against the gravity-fed flow and in recent years were frequently without an adequate supply particularly during dry seasons. The original source having proved inadequate, a new source was developed to cure this inequity and to supply the same users through the same system with a fully adequate supply under pressure.

Rates imposed upon like consumers within a single system "are required to be just and reasonable *inter se,* as well as *in toto.*" *Company* v. *State*, 95 N. H. 353, 364. No distinction as to rate is permitted between consumers of the same class on the basis of their proximity to or distance from the source of supply which would result in an unreasonable preference or disadvantage. R. L., c. 292, s. 11, as amended by Laws 1951, c. 203, s. 46, *subs.* 10. *Cf. Leeman* v. *Commission, supra,* 560, 561. The only difference between the Maine and the New Hampshire consumers is that the latter were adequately supplied from the old source because of the fortuitous circumstance that they are located nearest to it. Such a difference is not a sufficient justification for the establishment of New Hampshire rates without consideration of the reasonable expenses required for those additions or improvements to the system as a whole which are required to provide adequate service to all consumers of the same class. "Where water furnished is all secured from the same sources, and is supplied to several contiguous communities embraced in one general district, with no unreasonable extensions to serve lean territory or other elements creating material difference in cost, a uniform rate for the entire territory is indicated and ordinarily justified." *New Haven* v. *New Haven Water Co.,* 118 Conn. 389, 412, and cases cited.

The fact that some of the consumers are located in New Hampshire and others in Maine does not relieve the Commission of its duty to fix the rates of the New Hampshire consumers on the basis of the requirements of and benefits to all similar users throughout the system.  It found that the Ward Spring development was needed "to give adequate service to the Fryeburg consumers" as well as to "provide improved fire protection" in Fryeburg.  In so far as the new source was needed to provide fire protection, the New Hampshire consumers are not to be charged with its cost.  However, to the extent that it was required to provide a supply of water to the general consumers in Maine equal to that furnished to New Hampshire consumers of the same class, its cost must be considered in determining the just and reasonable rates which the New Hampshire consumers should pay.  This allocation of cost, so far as the New Hampshire rates are concerned, is not determined by the decision of the Maine Commission, which gave no particular weight to the fire protection provided and allowed merely a pro-rata increase in hydrant rates equal to that applicable to all other rates, but is one to be resolved by the New Hampshire Commission.  *New Eng. Tel. & Tel. Co.* v. *State,* 98 N. H. 211, 218.

Whether just and reasonable rates can be established consistent with this opinion without the complicated, expensive and time consuming procedure required to establish a rate base for the company, applicable to its New Hampshire rates, is left to the determination of the Commission.  *Cf. Chicopee Mfg. Co.* v. *Company,* 98 N. H. 5, 21.  Even though the new investment is situated in Maine, to the extent that it is "used and useful" in the conduct of the petitioner's business in New Hampshire, the petitioner is entitled to have it taken into account in the determination of just and reasonable rates here.  Laws 1951, *c.* 203, *s.* 46, *supra, subs.* 27, 28,; *New Eng. Tel. & Tel. Co.* v. *State, supra,* 95 N. H. 353, 358.  The order of the Commission is vacated and the case remanded for further consideration.

*Remanded.*

All concurred.